## GASTON *v.* STATE.

No. 39144          November 8, 1954          75 So. 2d 434

*Jack B. Carlisle,* Ackerman; *Crawley & Brooks,* Kosciusko, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

HOLMES, J.

The appellant was tried in the Circuit Court of Choctaw County on an indictment charging him with the larceny of a cow of the value of $175.00, the property of Pearl Robinson. The jury returned a verdict of guilty, and asked for the mercy of the court, and he was sentenced to a term of two years in the state penitentiary. He prosecutes this appeal, contending (1) that the trial court erred in overruling his motion for a directed verdict upon the ground that there was a fatal variance between the indictment and the proof as to the ownership of the cow, and (2) that the court erred in failing to instruct the jury that they might, under the evidence, find the defendant guilty of a lesser constituent offense, towit, trespass, and (3) that the evidence is insufficient to support the conviction and that the court therefore erred in denying the request of the defendant

for a peremptory instruction.

■■ Without detailing the evidence as to the owner-ship of the cow, it is sufficient to say that we think there was ample evidence to warrant the jury in finding that Pearl Robinson was the owner of the cow as charged in the indictment.

■■ Neither the State nor the defendant requested an instruction that the jury might find the defendant guilty of a lesser constituent offense, and in the absence of such request, the court was without power to so in-struct the jury. Under our statute, Section 1530 of the Mississippi Code of 1942, the court cannot instruct the jury sua sponte. Alexander's Mississippi Jury Instruc-tions, Section 3; Canterbury v. State, 90 Miss. 279, 43 So. 678. The contention of the appellant that the court erred in failing to instruct the jury that they might, under the evidence, find the defendant guilty of a lesser constituent offense is, therefore, in our opinion, not well founded.

■■ We have carefully reviewed the evidence as a whole. It presents an issue of fact for the determination of the jury on the question of the guilt or innocence of the appellant, and there is, in our opinion, sufficient evidence to support the conviction. Under these circum-stances, we are not warranted in disturbing the verdict of the jury.

It follows that the judgment of conviction must be, and it is, affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Lee* and *Kyle, JJ.,* concur.